**SO ORDERED.**

**SIGNED this 23 day of November, 2010.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILSON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| ROBERT W. FULLER | ) | CASE NO. 09-03945-8-JRL |
| DEBTOR | ) | CHAPTER 7 |
| | ) | |

### CONSENT ORDER
### RESOLVING MOTION FOR RELIEF FROM AUTOMATIC STAY

**THIS CAUSE** coming on to be heard before the undersigned Bankruptcy Judge, and it appearing to the Court that Wells Fargo Bank, N.A. s/b/m to Wells Fargo Home Mortgage, Inc. (hereinafter "Creditor"), third parties Elizabeth Blow, Steve Migliaccio, and the Cape May Trust and the Chapter 7 Trustee have agreed and consented to the entry of this Order allowing the conditional relief from the automatic stay pursuant to the agreement of the parties as set forth below:

**NOW THEREFORE**, with the agreement and consent of the parties, the Court makes the following:

### FINDINGS OF FACT

1. On May 13, 2009, Robert W. Fuller (hereinafter "Debtor"), filed a petition with the Bankruptcy Court in the Eastern District of North Carolina under Chapter 7 of Title 11 of the United States Code.

2. The property located at 730 Oakridge River Road, Fuquay Varina, NC 27526 is subject to the first lien of the Creditor by a Deed of Trust recorded in the Harnett County Register of Deeds ("Deed of Trust").

4.  Said Deed of Trust secures a Note in the original principal amount of $155,000.00.

5.  The Debtor's Chapter 7 Statement of Intent indicated the property would be surrendered to the Creditor. Creditor filed a Motion for Relief from the Automatic Stay on June 18, 2009.

6.  The Trustee filed an Objection to the Motion for Relief. An objection was also filed by third party, Elizabeth Blow, Steve Migliaccio and the Cape May Trust. The third party objection references previous state court litigation and challenges Debtor's ownership of the property.

7.  Neither the Trustee nor the Third Party has taken additional action in the Bankruptcy to challenge Debtor's ownership of the property.

8.  No payments have been made to the lender since May of 2009.

9.  The Parties have agreed and consented to entry of this Order as shown by the signatures of counsel for the parties appearing below.

**NOW THEREFORE,** by virtue of the law and by reason of the premises aforesaid, and the consent of the parties, it is Ordered, Adjudged and Decreed as follows:

A.  The Trustee shall take action necessary to clarify the title dispute prior to proceeding to sale and/ or auction of the property.

B.  The Trustee shall be allotted an additional 130 days from the date of entry of this Order to market and sell the property.

C.  If the property is to be sold by public auction, Trustee will place a reserve on the sale price to ensure Creditor's lien will be paid in full by the proceeds of sale. Creditor's lien shall then be paid in full upon completion of public auction.

D.  If the Trustee has not filed a motion to sell at public auction by the 100th day after entry of this Order, the stay will automatically be lifted. Creditor shall be deemed to have relief from the automatic stay in order to pursue any remedies it may have against its collateral pursuant to applicable state law without the necessity of further notice or hearing in order that Creditor or any successor-in-interest shall be allowed to proceed to foreclosure under the Deed of Trust referred to above.

E.  The automatic stay will be modified immediately and the waiting period pursuant to Rule 4001 will not apply.

F.    The Creditor's Attorney fees and costs of $500.00 shall be added to the amount due to Creditor.

G.    In the event that relief occurs pursuant to provisions of the Order, Creditor will have 120 days there from to file any amended or other proof of claim for deficiency related to the indebtedness which is the subject of this Order.

/s/ Sean M. Corcoran
BROCK & SCOTT, PLLC
Sean M. Corcoran
Attorney for Creditor

_____
Edgar R. Bain
Attorney for Elizabeth Blow, Steve Migliaccio and Cape May Trust

/s/ Gregory B. Crampton
Gregory B. Crampton
Chapter 7 Trustee

END OF DOCUMENT

F.   The Creditor's Attorney fees and costs of $500.00 shall be added to the amount due to Creditor.

G.   In the event that relief occurs pursuant to provisions of the Order, Creditor will have 120 days there from to file any amended or other proof of claim for deficiency related to the indebtedness which is the subject of this Order.

/s/_____
BROCK & SCOTT, PLLC
Sean M. Corcoran
Attorney for Creditor

_____
Edgar R. Bain
Attorney for Elizabeth Blow, Steve Migliaccio and Cape May Trust

/s/Gregory B. Crampton
Gregory B. Crampton
Chapter 7 Trustee

END OF DOCUMENT